**UNITED STATES, Plaintiff,**

**v.**

**Jonathan DANHI, et al., Defendants.**

**Crim. No. 81–303–C.**

United States District Court,
D. Massachusetts.

Nov. 12, 1981.

---

Asst. U.S. Atty. Charles Spurlock, Boston, Mass., for plaintiff.

William A. Brown, Brown & Prince, Steven A. Sussman, Asst. Federal Public Defender, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter is before this Court on the defendants' motion to suppress evidence in the form of a brown overnight bag and its contents which were seized without a warrant from the trunk of a car in which defendant Danhi was arrested. As the following discussion indicates, the overnight bag was properly seized by government agents under the "automobile" exception to the warrant requirement; thus defendants' motion is denied.

The facts surrounding the arrest and the seizure of the evidence were presented by two federal Drug Enforcement Agency (DEA) special agents during a hearing held by this Court on October 20, 1981 to determine the merits of the motion to suppress. Special Agent James Sullivan testified that on September 3, 1981, he met with a confidential informant who told him that on September 2 he had been with defendant Danhi, whom the informant knew by name, and with another person, whom the informant did not know, in Room 709 of the Hilton Inn in Natick, Massachusetts. Danhi and the other man had registered for Room 709 earlier that day. The informant told Agent Sullivan that the two men were in possession of cocaine and intended to distribute it, and that the two would be leaving the hotel at about noon on September 3 with the cocaine concealed in a brown overnight bag. The informant also told Sullivan that defendant Danhi (whom both special agents had observed during earlier surveillances) would be wearing a bright

red shirt, and that the other person was the same height as Danhi, with a stockier build, a "neatly-styled" haircut and a dark complexion. This second person, according to the informant, would be wearing a white shirt and gold jewelry.

On the basis of this information, the two special agents began surveillance of the entrance of the Natick Hilton Inn from different vantage points at about 11:30 a.m. on September 3. At about 11:45 a.m., each agent observed defendant Danhi, who was wearing a bright red shirt and carrying a brown overnight bag, emerge from the hotel entrance and approach a white automobile. Upon arriving at the car, Danhi opened the trunk, placed the overnight bag inside, closed the trunk, entered the car and started its engine. At this point, both agents approached the car and Special Agent Joseph Coons placed Danhi under arrest. In the course of taking Danhi into custody, Agent Coons gave Agent Sullivan the keys to the car. Sullivan then removed the overnight bag from the trunk of the car, retreated with the bag to his surveillance point, and continued his observation of both the hotel entrance and the white car. Coons meanwhile placed Danhi in Coons' car, and drove to the rear of the hotel.

A few minutes later, Sullivan observed a person (later identified as defendant Teicksler), who fit the description of Danhi's companion given to Sullivan by the confidential informant, emerge from the hotel entrance and proceed to the area in which the white car was parked. At this point, according to Sullivan, Teicksler looked at the white car, and then around in all directions. He then walked in the direction of Special Agent Coons' car, continuing at this time to look around in all directions. At this point, Coons turned in his car and observed Danhi frantically shaking his head and mouthing the word "no". Coons then left his car and apprehended and arrested Teicksler.

Subsequent to the arrest of the two defendants, a warrant was secured which authorized a search of the overnight bag's contents; these contents included about 13 ounces of cocaine. The defendants seek to have the cocaine suppressed because, according to them, the warrantless search of the trunk of the white vehicle—without which the cocaine never would have been discovered—was "unreasonable" for Fourth Amendment purposes.

 In their memorandum in support of the motion to suppress, the defendants argue that the warrantless search of the trunk was unlawful because the underlying, warrantless arrests of the two defendants were unlawful. It is well settled, however, that federal police may make warrantless felony arrests in public places based solely upon probable cause. *United States v. Watson*, 423 U.S. 411, 422–23, 96 S.Ct. 820, 827–828, 46 L.Ed.2d 598 (1976). The DEA special agents in this case clearly had probable cause to believe that a felony had been or was about to be committed by the defendants. Special Agent Sullivan testified that the confidential informant upon whom he and his partner relied had provided information in the past which had led to several convictions in both state and federal courts. The informant identified the subjects' exact location, gave specific physical descriptions of the suspects, indicated the time they were expected to leave the hotel, and identified the overnight bag in which the cocaine was ultimately found. Thus the defendants' argument that their arrests were illegal because they were made without a warrant is meritless.

 [The search of the trunk of the rented car in which defendant Danhi was arrested, however, cannot be justified as a search incident to a lawful arrest. Such warrantless searches are allowed for the protection of the arresting officer, and are limited to the area within the immediate control of the arrestee.] *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1962). The locked trunk of the rental car in this case was not within defendant Danhi's immediate control, especially in light of the fact that the search of Danhi immediately following the arrest put his keys in the possession of the arresting officers.

**1204**

The government, however, does not rely on the "search incident to a lawful arrest" theory to justify the warrantless search; therefore the defendants' reliance on *New York v. Belton,* —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) is misplaced. The government instead relies on the "automobile" exception to the Fourth Amendment's warrant requirement. For this exception to apply, both "exigent" circumstances and probable cause to believe that the area of interest contains evidence of a crime must exist. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In the instant case, the testimony of the special agents proves that they had probable cause to believe that the trunk of the car contained evidence of a crime. The agents had been told by a reliable informant that a large quantity of cocaine would be transported in the overnight bag, and Agent Sullivan saw Danhi place in the trunk of the car a bag which matched the description given by the informant.

The circumstances of the arrest also indicate that exigent circumstances existed. The agents knew that two individuals were involved, and that it was possible that each man had a set of keys to the car. After the agents apprehended Danhi, they were faced with the choice of either securing the car, which would have meant foregoing the capture of defendant Teicksler, or observing the car at a distance, which, without removal of the overnight bag from the trunk, would have created the risk that Teicksler, through use of a second set of keys, would escape in the car containing the incriminating evidence. Confronted with this choice, Special Agent Sullivan took the most reasonable action under the existing exigent circumstances. I therefore rule that the defendants' motion to suppress the evidence should be denied.

While the circumstances warranted the removal of the overnight bag from the car, they did not warrant a further search of the bag once it had been secured by removal. As noted above, however, a warrant authorizing a search of the overnight bag was secured prior to its search. Thus the defendants' reliance in oral argument on *Robbins v. California,* —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1980), in which the Supreme Court suppressed evidence found without a warrant in a container taken from the trunk of an automobile, is misplaced.

Order accordingly.